S. M. MAGARIAN, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellee.

RAILROADS: Accident at Crossing—Absence of Negligence. Evidence relative to a collision of a train with an automobile reviewed, and held insufficient to support a finding of negligence on the part of the employees of the train.

*Appeal from Marion District Court.*—L. N. HAYS, Judge.

MARCH 7, 1922.

ACTION at law, to recover damages for injuries done to plain- tiff's automobile. There was a directed verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*W. H. Lyon,* for appellant.

*Vander Ploeg & Johnson,* for appellee.

WEAVER, J.—The plaintiff, accompanied by members of his family, was driving an automobile to the station of the defendant

railway company in the city of Knoxville. The railway at this point runs substantially east and west, and plaintiff approached from the south on Kent Street. The station is on the west side of Kent Street, facing north toward the main line track. On the south side of the station there are two sidetracks. Kent Street crosses all these tracks. Moving north, as we understand him, plaintiff crossed the south tracks, then stopped, and backed his car upon the sidetrack, waiting briefly for another car backing away from the platform to clear the way, intending to move north again to the platform. At that time, he heard the whistle and bell of a train coming from the east, but seems to have attributed the signals to another train on the main track. The only obstruction to the view eastward, as he claims, was a box car, standing on the south track about 100 feet to the east. He had not fully cleared the sidetracks when a train coming from the east struck and injured his auto. In his petition, he charges the defendant with negligence in failing to ring the engine bell or sound the whistle, and in failing to stop the engine, and in leaving the standing box car at a point where it interfered materially with the view from the crossing. At the close of the testimony, the court, on motion of the defendant, directed a verdict in its favor.

We think there was no error in directing the verdict. We reach this conclusion, not because the plaintiff appears chargeable with contributory negligence as a matter of law, but rather from his failure to make a showing on which the jury could properly find negligence by the defendant. It is manifest that plaintiff became confused by the presence of two trains, one standing or moving very slowly on the main line, and the other just entering upon one of the south tracks. There is no evidence that this train was coming at a high or reckless rate of speed. Plaintiff's witnesses say it was moving slowly. He himself says he heard the whistle, and saw people waving from the platform, but didn't realize that they were trying to caution him. He estimates the space between the main track and south tracks at 100 feet. This space to the east of Kent Street appears to be free from obstructions for at least one or two blocks. The only obstruction complained of in looking east was the empty box car, 100 feet east of the crossing. It was not on the

track on which the train approached, and to say the least, it could hardly conceal the approach of a long train for any considerable distance.   Plaintiff had safely cleared the crossing when he reversed his direction, just in time to be caught.   We do not believe the jury would be justified in finding the defendant negligent because of the standing freight car on the sidetrack, especially in view of the fact that there is no showing of an unreasonable rate of speed.   Even if the engineer handling the train, as it entered upon the sidetrack, had discovered the plaintiff's car on Kent Street, he might very properly assume that plaintiff was cognizant of the situation, and would avoid moving his car into position of danger.   That the trainmen and others did use strenuous effort to rescue plaintiff from peril is quite clear.   On cross-examination, he says that, when he reached the point when he reversed his engine, he was "way north of the box car, where there was clear view to the east," but says he did not see the train.

"Don't recollect of anything to prevent my seeing the train, unless there was an automobile or something.   I looked down that way.   About the time the train hit me, and just before, there were a number of people on the platform signaling.   They were gesticulating and hallooing, but I didn't know they were waving at me.   I did hear a whistle blown.   I was just backing on the track.   I heard it before the train hit me, continuously from the time I started to reverse until it struck me,—all the time I was backing up.   I thought it was on the track."

In this he was corroborated by several of his own witnesses.   A verdict finding the defendant negligent, under these circumstances, could not be permitted to stand.

The record discloses no reversible error, and the ruling and judgment appealed from are—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur in the result, but are of the opinion that the plaintiff was negligent.